**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4202**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

JOSHUA DAVIS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-cr-00013-FL-1)

———————

Submitted: October 30, 2014      Decided: November 7, 2014

———————

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Davis pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012), and was sentenced to a term of sixty months' imprisonment. Davis appeals his sentence, challenging the district court's application of a four-level increase in offense level, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2013), based on the court's finding that the firearm had the potential of facilitating another felony offense. We affirm.

Davis, a convicted felon, was arrested following a police chase that ensued when a police officer attempted to stop the vehicle in which Davis was a passenger. The officer pursued the vehicle in response to a tip from a confidential informant that Davis was traveling with a handgun and ammunition. Officers found a small quantity of counterfeit cocaine on Davis' person and a loaded handgun and ninety-eight grams of counterfeit crack cocaine wrapped in plastic bags in the back seat of the car. Over Davis' objection, the district court applied the four-level enhancement under USSG § 2K2.1(b)(6)(B), because the court found that the firearm had the potential of facilitating another felony offense, namely, distribution of counterfeit drugs.

When evaluating Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).  We will find clear error only when, "on the entire evidence[, we are] left with the definite and firm conviction that a mistake has been committed."  Id. (internal quotation marks omitted).  The burden is on the Government to establish by a preponderance of the evidence that the court should apply a sentencing enhancement.  United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011).

The Guidelines provide for a four-level enhancement under USSG § 2K2.1(b)(6)(B) if a defendant "used or possessed any firearm or ammunition in connection with another felony offense."  Section 2K2.1(b)(6) is intended "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).  Davis argues that the district court clearly erred in applying the § 2K2.1(b)(6)(B) enhancement, because the Government failed to meet its burden of proving that his possession of the firearm was "in connection" with another felony offense.

The commentary to § 2K2.1(b)(6)(B) provides that the enhancement applies when a firearm possessed by a defendant

3

"facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). Here, the district court found that the firearm had the potential to facilitate the felony offense of distribution of counterfeit drugs. Many factors can "lead a fact finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). These include the "type of drug activity . . . being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).

In this case, the loaded handgun and the counterfeit drugs were found in the back seat of the vehicle, within reach of Davis, the front seat passenger, who also had counterfeit crack in his pocket. It is well established in this circuit that handguns are a tool of the drug trade. United States v. Madigan, 592 F.3d 621, 629 (4th Cir. 2010); United States v. Ward, 171 F.3d 188, 194 (4th Cir. 1999). The quantity and packaging of the counterfeit drugs were also consistent with drug distribution. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). Moreover, as the district court noted, selling

4

counterfeit drugs is an inherently dangerous activity and it was reasonable to infer that the handgun was present to protect Davis as he engaged in trafficking the counterfeit drugs. <u>See United States v. McKenzie-Gude</u>, 671 F.3d 452, 463-64 (4th Cir. 2011) (holding that firearm is possessed in connection with another offense for purposes of § 2K2.1(b)(6) when it "was present for protection or to embolden the actor").

We conclude that, under the totality of the circumstances, the district court did not clearly err in finding bya preponderance of the evidence that Davis' possession of the firearm had the potential to facilitate another felony offense. Accordingly, we affirm Davis' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>